By the Court,
Moncrief, J.
The case is thus stated by. the appellant. This action was brought by the plaintiff to *438 recover from the defendants (Robert Cross and the appellant,) certain sums of money alleged to be owing to him for the use and occupation of real estate in the city of New York, which had been leased to them by a written instrument for a term of three years, from the first day of May, 1860, at an annual rent of three hundred, dollars. The defendants put in separate answers. Heinrich Martens (sole appellant,) first, admitted the execution of the lease, but denied that any rent whatever was due to the plaintiff. Second. He stated, that in the month of August, 1860, (the precise day he did not recollect,) he vacated and delivered up the premises to the plaintiff, who accepted the same, and took and retained the possession thereof, and that immediately' thereafter the plaintiff rented them again to Robert Cross, upon the same terms and conditions as were stated in the original lease, and that Cook took immediate possession thereof. . He further averred that the plaintiff, with the mutual consent of both the defendants, then canceled the first lease, and that- Martens paid to the plaintiff all the rent that would be due up to the day of the surrender of his lease. A third and distinct defense set up in the answer, was, that the plaintiff, in the month of August, 1860, entered into the demised premises, jointly with the defendant Cross, and evicted and expelled him (Martens) from the same, and used and continued in the premises from August, 1860, 'by reason of which, Martens was prevented from occupying the same, and carrying on his business ; and that in consequence of this occupation, he sustained large damage, which damages he asks to be permitted to recoup against any recovery that the plaintiff might obtain in the action. The plaintiff filed a replication denying the new matter set out in his answer.”
The case came on for trial before one of the justices of this court and a jury. The plaintiff having read, without objection, the lease under which rent was claimed, (the execution and delivery of, and possession under which is admitted by the answer,) proved a computation of interest upon the balance claimed in his complaint, and rested his case.
*439 If there was any attempt to sustain the allegations set up in the answer, further or otherwise than by offering in evidence a paper (marked C,) under date 7th February, 1860, signed “Jehiel J. Post, by James H. Thorne, agent” a careful scrutiny of the case presented upon appeal has not enabled me to discover it.
It does appear by testimony introduced by the defendant Martens, who was not sworn as a witness,' that he occupied the premises “ until he was afraid the building would fall down,” and that he paid rent therefor, on 6th November, 1861, and on the 9th February, 1863.
There was no question of fact to be submitted to the jury, under such circumstances. The plaintiff had established his case as alleged in his complaint, and the defendants had failed to make out the defense set up in the answer.
The exception to the exclusion of the paper C, is clearly untenable. First, No such defense was made by the answer. Second. The paper was immaterial, even if authority had been shown to execute it; as a so called demise of premises in possession of the defendants, it was as harmless as the paper upon which it was printed or written; it could neither be effectual to disturb those then in possession, or to enable Robert Cross to evict them ; and third, the person signing as agent for the plaintiff not having authority in writing so to do, could not create the estate mentioned in it, and by statute it was void. (2 R. S. p. 135, § 6.)
The cases cited upon the “ additional points,” for the appellant, have no application to the case under consideration.-
The learned justice was right in directing, a verdict for the plaintiff, and the judgment entered thereon must be affirmed.